UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DYTANIAL L. McBRIDE,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )　　24-cv-1072-MMM<br>) |
| JOHN R. YA'CUP, et al.,<br>　　　Defendants. | )<br>)<br>) |

## MERIT REVIEW ORDER

**SARA DARROW, Chief United States District Judge:**

Plaintiff *pro se* Dytaniel L. McBride, who is imprisoned at FCI Berlin and is proceeding *in forma pauperis*, has filed a complaint (Doc. 1) under 42 U.S.C. §§ 1983, 1985(2) and (3), and 1986 and 28 U.S.C. § 1331, which is before the Court for screening.

### I. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

Plaintiff's suit alleges the following Defendants conspired to violate his civil rights: Special Agents John R. Ya'Cup and Christian A. McGuire of the United States Drug Enforcement Administration, Special Agent Brian L. Berntson of the United States Internal Revenue Service, Officer Bradley Dixon of the Peoria Police Department, Attorneys Greggory R. Walters, Thomas Keith, and Patricia A. McInerney of the United States Attorney's Office, United States Magistrate Judge John A. Gorman, J.P. Morgan Chase Bank, United States District Judge James E. Shadid, and CJA Attorney John P. Lonergan.

Plaintiff alleges Ya'cup, Berntson, Dixon, and Walters conspired to falsify a search warrant and to steal evidence to be used against Plaintiff in Central District of Illinois criminal case 10-CR-10124. Defendants seized Plaintiff's account at Chase Bank. Chase Bank produced falsified records regarding the identity of the account holder. Defendants with the U.S. Attorney's Office knowingly obtained false testimony and produced false evidence at trial. Taken together, Defendants' actions resulted in Plaintiff's malicious prosecution and wrongful conviction for conspiracy to distribute narcotics, possession with intent to distribute, money laundering, and arson during a bench trial before Judge Shadid.

In short, Plaintiff alleges that he was "actually innocent" of the crimes for which he was convicted. (Doc. 1, at 51). He alleges the exhibits attached to his Complaint constitute exculpatory evidence.

In his prayer for relief, Plaintiff asks that this Court invalidate his sentence and the forfeiture order entered in 10-CR-10124, immediately release Plaintiff from custody, and award him monetary damages.

### III. Analysis

*Heck v. Humphrey*, 512 U.S. 477 (1994), "bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004), *citing Heck*, 512 U.S. at 486-87. If a judgment in favor of a plaintiff would necessarily imply the invalidity of the plaintiff's actual or potential conviction, the suit is barred and the complaint must be dismissed. *Id*.

Because a judgment in Plaintiff's favor would necessarily imply the invalidity of his convictions, his claims in this case are *Heck*-barred and his Complaint must be dismissed.

The Court recognizes that "[l]eave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend…where the amendment would be futile." *Id.* (citation omitted).

*Heck* "is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting…. Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019). This Court

finds no basis to conclude that Plaintiff, if given an opportunity to amend, could assert a claim that survives *Heck*, given the plain allegation that he remains incarcerated for a conviction that has not been overturned and when he specifically seeks that this Court declare the conviction invalid. Therefore, Plaintiff's Complaint shall be dismissed without an opportunity to amend.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint [1] is DISMISSED pursuant to 28 U.S.C. § 1915A.**

2) **All pending Motions [5], [6], [9] are denied as MOOT.**

3) **This case is terminated.**

ENTERED July 26, 2024.

s/ *Sara Darrow*
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE